IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff,* | ) |
| v. | ) No. 18 CR 262-1 |
| KISHAN MODUGUMUDI, | ) Judge Virginia M. Kendall |
| *Defendant.* | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Kishan Modugumudi is charged with nineteen counts related to the importation of aliens for sex trafficking, in violation of 8 U.S.C. § 1328 and 18 U.S.C. §§ 371, 1546(a), 1591(a),(b)(1), 1594(c). (Dkt. 105). The Second Superseding Indictment also names as his codefendant his wife, Chandra Kala Purnima Modugumudi, and charges her with eighteen of the nineteen counts. (*Id.*). Specifically, both defendants are charged with conspiring to bring Indian women into the United States to engage in prostitution, harboring the victims, and arranging for the victims to engage in commercial sex acts. (*Id.*). Kishan Modugumudi has moved to dismiss the indictment (Dkt. 116) as well as for a bill of particulars (Dkt. 115). For the following reasons, this Court denies both motions.

## DISCUSSION

**A. Motion to Dismiss the Indictment**

Kishan Modugumudi argues that the Second Superseding Indictment should be dismissed as duplicitous, pursuant to Federal Rules of Criminal Procedure 8(a) and 12(b)(3)(B)(i). (Dkt. 116). "An indictment is deemed duplicitous when it charges two or more distinct offenses within a single count." *United States v. Shorter*, 874 F.3d 969, 976 (7th Cir. 2017) (internal quotation marks omitted). "The dangers of a duplicitous indictment are that the defendant may not understand the charges against him, might be convicted by less than a unanimous jury, may be prejudiced by evidentiary rulings at trial, or may be subjected to double jeopardy." *United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006).

Where the government alleges conspiracy in an initial count and then charges in subsequent counts the offenses the defendants conspired to commit, there is no duplicity. *See United States v. Cephus*, 684 F.3d 703, 706 (7th Cir. 2012) (". . . none of the counts was likely to be thought duplicitous by the jurors. The first alleged the conspiracy and described as acts in furtherance of it the acts charged as substantive violations in the 20 subsequent counts."). This is precisely what the Second Superseding Indictment contains.

Specifically, Kishan Modugumudi argues that the indictment is duplicitous because it "charges both a distinct offense and an alleged continuing course of conduct as an attempt to incorporate other bad acts subject to 404(b) without specifying the basis for those allegations." (Dkt. 116 at 2). What he means by this is unclear, and

he does not provide examples. Nonetheless, the Court does its best to address his arguments.

"An indictment is not duplicitous if it charges a single offense carried out through many different means." *Davis*, 471 F.3d at 790. This is true where the government charges in a single count a scheme "carried out on numerous occasions." *Id*. Here, certain counts in the indictment charge a single offense, for example sex trafficking in violation of 18 U.S.C. § 1591, by stating that the defendant caused the victim to engage in multiple commercial sex acts over a period of time. *See, e.g.*, Dkt. 105 at 21–23, 25. "[F]airly interpreted," such counts permissibly allege "a continuing course of conduct, during a discrete period of time." *Davis*, 471 F.3d at 790 (internal quotation marks omitted). In other words, although the defendant is charged with a single count of sex trafficking of a particular victim, the trafficking offense included more than one commercial sex act. This does not make the indictment duplicitous.[1] *See United States v. Berardi*, 675 F.2d 894, 898 (7th Cir. 1982) (noting that "two or more acts, each one of which would constitute an offense standing alone, may be joined in a single count without offending the rule against duplicity"). Nor does the Court view the indictment as incorporating "other bad acts"—the acts it alleges are those that make up the offense itself.

---

[1] "[F]air judicial administration requires that prosecutors be encouraged to exercise their discretion to avoid unnecessarily cumulating offense categories and thereby cumulating punishments." *United States v. Tanner*, 471 F.2d 128, 138–39 (7th Cir. 1972). Were this Court to require that every single commercial sex act be brought as an individual count, Kishan Modugumudi would likely be facing a mountain of charges—this Court finds it hard to believe that this could be what he wants.

Double jeopardy is also a non-concern. Broadly-worded indictments, like the one here, which encompasses all acts against each victim within a set time period, will bar later prosecution for any of the acts of sex trafficking against the victim for that period. *See Shorter*, 874 F.3d at 977 ("As the government points out, broadly-worded indictments charging the defendant with fraudulent billings during a specified time period *would* bar later prosecution for *any* billings during those time periods.").

Although the Court does not conclude that the Second Superseding Indictment is duplicitous, the Court will be careful to instruct the jury clearly as to its obligations, including, to the extent it is appropriate, the requirement for unanimity and that each count should be assessed individually. *See id.*; *Cephus*, 684 F.3d at 706; *Davis*, 471 F.3d at 791. The Court is confident that such instructions will aid in protecting against the risk of prejudice to the defendant.

Finally, to the extent that Kishan Modugumudi argues that the Second Superseding Indictment does not provide enough information to allow him to properly defend himself (*see* Dkt. 116 at 4), that argument is addressed *infra* in Section B.

**B. Motion for a Bill of Particulars**

Kishan Modugumudi also argues that he is entitled to a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) and the Fifth and Sixth Amendments. (Dkt. 115 at 1). Specifically, he points to Counts Fourteen through Nineteen, which allege a conspiracy to violate and direct violations of 18 U.S.C. § 1591. A person violates 18 U.S.C. § 1591 by recruiting, enticing, harboring,

transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting by any means a person, knowing or in reckless disregard of the fact that force, threats of force, fraud, and/or coercion will be used to cause the person to engage in a commercial sex act. 18 U.S.C. § 1591(a). Kishan Modugumudi argues that the government has failed to indicate how he engaged with the alleged victims (*i.e.* by enticing, harboring, etc.), and how the victims were caused to engage in commercial sex acts (*i.e.* by force, threats of force, fraud, and/or coercion). He also notes that the government provides only broad time frames for the alleged conduct. The failure to provide specificity, Kishan Modugumudi says, prevents him from being able to adequately prepare his defense.

The key question when determining whether a bill of particulars is necessary is whether the defendant has been "sufficiently apprised of the charges against him in order to enable adequate trial preparation." *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (internal quotation marks omitted). A bill of particulars is unnecessary if the indictment "includes each of the elements of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statute or statutes." *Id*. Further, "a bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery." *Id*.; *see also United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir 2008); *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003).

Here, the second superseding indictment cites the relevant statutes and lays out the elements of the charged offenses, the dates of the offenses, and at least some

of the locations where the offenses allegedly occurred. *See, e.g.,* Dkt. 105 at 8–9, 21 (noting, for example, that the charges involving Victim C occurred in Chicago and "elsewhere," including New York, Dallas, Harrisburg, and Washington, D.C.). To the extent that the indictment did not lay out the specifics of each offense, the government also provided substantial discovery, including the victims' grand jury testimony and other victim statements, law enforcement reports, statements from prostitution customers who will be witnesses at trial, the defendants' text messages, and hotel and airline records. (Dkt. 124 at 3, 6). These materials provide details on how the defendants carried out their sex trafficking scheme.

Kishan Modugumudi argues that the victims' versions of events have been inconsistent, and therefore discovery materials provided to him are not helpful in "pinpointing the precise theory of liability" he will face. (Dkt. 130 at 4). Kishan Modugumudi, however, is entitled "to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003) (internal quotation marks omitted).

Given the discovery that has been provided, the Court determines that a bill of particulars is not necessary here. *See Vaughn*, 722 F.3d at 928 (concluding that a "350–page production detailing witness statements and other surveillance activities" was "adequate to satisfy the need for a bill of particulars"); *see also Blanchard*, 542 F.3d at 1141 (even though indictment was "somewhat sparse," "extensive pretrial discovery" including law enforcement reports and statements made a bill of particulars unnecessary). The Defense has received the alleged victims' statements

and their version of what occurred. The Defense is clearly working with those statements in order to assert that there are inconsistencies within them. The government is not required to provide the defense with their theory of the case, solely with the evidence that it intends to use to convict. That is precisely what has been done here. The government has represented that the discovery it has provided to Kishan Modugumudi details all the facts he seeks, and this Court has no reason to believe otherwise. The Court is confident that together the Second Superseding Indictment and discovery materials have provided Kishan Modugumudi with enough information to ascertain the nature of the charges against him and to allow him to prepare an adequate defense.

## **CONCLUSION**

For the foregoing reasons, Kishan Modugumudi's motions to dismiss the indictment (Dkt. 116) and for a bill of particulars (Dkt. 115) are denied.

_____
Virginia M. Kendall
United States District Judge

Date: February 13, 2020